IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
WYATT R. HASKELL, et al.,     }
                              }
     Plaintiffs               }
                              }       CIVIL ACTION NO.
v.                            }       08-AR-1150-S
                              }
NORMAN W. GAYLE, III, et al., }
                              }
     Defendants.              }
```

## MEMORANDUM OPINION

This case comes before the court on the motion of plaintiffs, Wyatt R. Haskell and William K. Holbrook ("plaintiffs"), to remand their above-entitled action to the Circuit Court of Jefferson County, Alabama, from which it was removed by Norman W. Gayle, James E. Tait, Hopson B. Nance, W. Perry Cronin, John C. Hines, David W. Lacefield, Thomas J. Chana, Thomas E. Mangold, and E. Murray Meadows (hereinafter ("defendants"). For the reasons hereinafter set forth, the court will grant the motion.

### Pertinent Procedural Facts

On May 23, 2008, plaintiffs filed their action in the state court. It asserts that defendants, who are former officers and directors of Vesta Insurance Group, Inc. ("Vesta"), committed acts of fraud that are proscribed by Alabama Code §§ 6-5-100 through 6-5-104, and that proximately caused plaintiffs to sustain large investment losses. The complaint expressly and

ostentatiously denies that plaintiffs present any claims other than garden variety Alabama fraud claims, even though they involve a whole lot of money.  A section of the complaint is even entitled "**Non-Removability**".  Plaintiffs obviously know what they are doing, and the court takes them at their word.  The complaint makes specific reference to a pending bankruptcy of Vesta, but alleges categorically that "no relief is sought herein directly or indirectly against any bankruptcy or bankruptcy estate", and that "there is no right of indemnity or contribution under Alabama law".  Plaintiffs make clear their intent to provide no basis whatsoever for removal.  Because there is no federal question appearing on the face of the complaint, or hidden in it, and no diversity, the only arguable removal ground for plaintiffs to disclaim is 28 U.S.C. § 1334.  Plaintiffs fully intended to eliminate that ground also, *ab initio*.

On June 27, 2008, defendants removed the case, invoking 18 U.S.C. §§ 1334(b) and 1452.  Section 1334 (b) provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings **arising under** title 11, or **arising in** or **related to** cases under title 11".  (emphasis supplied).  Section 1452(a) provides that "[a] party may remove any claim or cause of action in the civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or

cause of action under § 1334 of this title". In order to have any viability, the notice of removal here depends on the fact, admitted by plaintiffs, that Vesta has a Chapter 11 bankruptcy proceeding pending in the Northern District of Alabama, Bankruptcy Case No. 06-02517-TBB-7, but defendants claim that despite plaintiffs' vigorous disclaimer, their state action does "arise under" and/or "arise in" and/or is "related to" Vesta's pending bankruptcy.

The notice of removal does not contain a copy of every summons served on every defendant. It does contain a copy of the process served on one defendant.

Because of the General Order of Reference adopted by this court, the case could have been removed directly to the bankruptcy court, that is, if it could be removed at all.

Defendants assert the relevance of two insurance policies (the "XL policy" and the "Lloyd's policy", hereinafter collectively referred to as the "D & O policy"), which cover liability for potential losses caused by conduct of Vesta and/or its directors and officers. But for plaintiffs' express disclaimer, and plaintiffs' entirely consistent motion to remand, plaintiffs might be competing with Vesta and its creditors for insurance proceeds that might become due under the "D & O policy". Defendants claim that too many people may be drawing water from the same well. However, the complaint and the motion

3

for remand constitute an absolute waiver by plaintiffs of any right to collect any judgment that may be entered in their favor and against the defendants, or any of them, from the D & O insurers, unless and until all insurance proceeds are fully made available to Vesta and its creditors, even to the point of exhaustion.  If the well runs dry before plaintiffs can draw from it, they have deliberately and calculatedly made a strategy decision that leads to that result.

## The Applicable Law

Plaintiffs are the masters of their complaint under the well-pleaded complaint rule, which is just as applicable to a § 1334 removal as to § 1331 removals.  Although the Eleventh Circuit has not ruled on the subject, the majority rule is that the well-pleaded complaint rule is applicable to bankruptcy removals.  *See Yangming Marine Transport Corp. v. Electri-Flex Co.*, 682 F. Supp. 368, 370 (N.D. Ill. 1987); *Studebaker-Worthington Leasing Corp. v. Michael Raclin & Co.*, 357 F. Supp. 2d 529, 535 (E.D.N.Y. 2004).  Plaintiffs have succeeded in describing their complaint as "non-removable".  Their claims are not only facially pure state law claims, but plaintiffs expressly deny any competition with Vesta or its creditors for any insurance proceeds that might protect or be a part of the Vesta estate.  Under the circumstances, the court has no hesitancy in

agreeing with the careful contention in plaintiffs' motion to remand that their complaint does not "arise under", or "arise in", or "relate to" the Vesta bankruptcy proceeding.

At the risk of repetition, plaintiffs have agreed to get at the end of the line behind Vesta and its creditors insofar as any access to insurance proceeds is concerned.  Plaintiffs may have gotten out of the line entirely.  Defendants cannot remove this case based on fears that do not exist.  Plaintiffs' action could have no conceivable effect on, and could cause no diminution in, the Vesta bankruptcy estate.

Even if defendants had met their burden of proving the existence of subject-matter jurisdiction under § 1334, which they have failed to do, plaintiffs' motion to remand would be granted because of the fatal procedural defect recognized by this court in *Kisor v. Collins*, 338 F. Supp. 2d 1279 (N.D. Ala. 2004).  The procedural removal statute, 28 U.S.C. § 1446(a), requires the inclusion in a timely notice of removal of copies of all "process", without exception.  Assuming that this court was correct in *Kisor*, there is no difference between the defect there described in a § 1331 removal and a removal under § 1334.  The absence of copies of the "process" in defendants' notice of removal make it neatly fit the *Kisor* mold.

Last, but not least, this case would call for mandatory abstention even if plaintiffs had not succeeded in forever

foreswearing any entitlement that could adversely affect the Vesta bankruptcy estate.  Under no stretch of the imagination does this action "arise under" or "arise in" this particular bankruptcy proceeding, or any other  This means that the only, if extremely thin, basis for removal is that the action "relates to" the bankruptcy proceeding despite plaintiffs' clear disclaimer.  However, 28 U.S.C § 1334(c)(2) provides:

> Upon a timely motion fo a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate adjudication.

This action could not have been commenced in this court because there is no original jurisdiction over it under § 1334, and this court is satisfied that the case can be timely adjudicated in the state court.  There is no reason to think otherwise.

## Conclusion

For the foregoing separate and several reasons, plaintiffs' motion to remand will be granted by separate order.

DONE this 28th day of August, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

```
cc:   Honorable Thomas Bennett
      Honorable Inge Johnson
```